48 So.2d 538

**RHUDY v. STATE.**

6 Div. 66.

Court of Appeals of Alabama.

June 6, 1950.

Rehearing Denied June 27, 1950.

R. G. Redden, of Vernon, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

There was no conflict in the evidence in this case upon the trial in the court below.

The indictment contained two counts as follows:

"The Grand Jury of said County charge that before the finding of this Indictment:

"1. That Henry Rhudy, whose name is to the Grand Jury otherwise unknown, did distill, make or manufacture alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcohol, contrary to law.

"2. The Grand Jury of said County further charges that, before the finding of this Indictment, Henry Rhudy, whose name is to the Grand Jury otherwise unknown, did manufacture, sell, give away or have in his possession a still apparatus, appliance or device or substitute therefor, to be used for the purpose of manufacturing or distilling prohibited liquors or beverages, contrary to law against the peace and dignity of the State of Alabama."

The trial of defendant resulted in his conviction as charged in the indictment and the court entered judgment of conviction and fixed his punishment at imprisonment in the penitentiary for the term of two years. From said judgment this appeal was taken.

■ The appellant assigned errors, which he had the right to do, but assignment of errors in a criminal case are not required. In this connection appellant contends (1) "Court erred in overruling motion for a new trial; (2) Court erred in overruling defendant's objection to Solicitor's question as to statement of defendant to officers; (3) Court erred in refusing defendant's written affirmative charge."

■ As to the motion for a new trial which contained nine separate and distinct grounds, no evidence was offered in any manner to support any of the grounds of the motion. All of said grounds are dehors the record, and so far as the record discloses, no mention was made pending the trial of anything pertaining to any of the grounds stated. Hence there is no merit in the insistence of error that the court erred in overruling the motion for a new trial.

■ The second assignment of error, supra, is likewise without merit. It clearly appears that the confession of defendant "that the full and complete still in question belonged to him and another person," was wholly voluntarily made, the predicate laid for the admission of the confession met every requirement of law.

■ As to the remaining insistence relative to the affirmative charge refused to defendant, there was no phase of this case which entitled the defendant to a directed verdict. Such a charge could properly have been given for the State as there was, as stated above, no conflict in the evidence upon the trial. The "Statement of Facts" contained in the brief of the Attorney General are fully borne out by the record, and are as follows:

"The State introduced four witnesses who testified that prior to the finding of the indictment they discovered a still in Lamar County. While they were watching this still one night, one Raymond White approached the still and was arrested. Shortly after the arrest of White, the appellant came toward the group carrying a sack of fruit jars, some flour and an ax. When he noticed the group waiting near the still, he dropped what he was carrying and ran. About thirty minutes later, he returned. As he approached the group the second time, appellant asked if they were the men who were supposed to meet him there. Appellant stated that he had a gun and wanted no foolishness. He was arrested at the site of the still.

"After a proper predicate had been laid, witnesses for the State testified that the appellant told them at the time of his arrest that he had thought some one was making off with his whiskey. The next morning, while appellant was confined to jail, he made a statement that the still belonged to him and Raymond White. The officers making the discovery and arrest testified that the still was complete, was capable of making whiskey and did in fact contain some kind of liquor. The appellant put on no evidence in his own behalf and the

case was submitted to the jury without argument."

There appearing no ruling of the court was error, and the record also being regular in every respect, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.